# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STACEY TURLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV1919 CDP |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff (registration no. 280722) for leave to commence this action without payment of the required filing fee.[1]

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

---

[1] The Court requested plaintiff to submit a certified copy of her prison account statement, and in response, plaintiff informed the Court that despite her efforts to comply, the St. Louis City Justice Center refused to provide her with the requisite information [Doc. #4]. In light of this fact, the Court will not assess an initial partial filing fee in this case at this time.

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Correctional Medical Services ("CMS"), Uknown James (nurse), Unknown Heads (nurse), Unknown McGee (nurse) and Gene Stubblefield (Superintendent). Plaintiff alleges that she suffered a miscarriage when defendants failed to give her proper medical attention.

The Court has reviewed the complaint under 28 U.S.C. §1915(d) and believes that, although plaintiff may be able to assert a claim based upon the denial of her Eighth Amendment rights, she has failed to name the proper entities or individuals as party defendants. Moreover it is unclear to the Court who some of the intended

defendants are in the instant action and precisely what plaintiff's claims are against each of them. For example, plaintiff has named the health care entity responsible for administering care, the superintendent of her facility and four nurses as defendants in this action, but she has failed to include specific allegations of constitutional violations against any of these named defendants. Furthermore, although plaintiff has not named two correctional officers as defendants, she has included allegations against these officers in the body of her fact statement.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant her time to file an amended complaint in accordance with the instructions set forth below. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (to state claim for medical mistreatment, plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs; allegations of mere negligence in giving or failing to supply medical treatment will not suffice).

Moreover, because the Court is allowing plaintiff to amend her complaint, it will take no action as to the named defendants at this time. Plaintiff is reminded that her amended complaint will supersede her original complaint and will be the only complaint the Court reviews. Thus, plaintiff must include in the "Caption" of the amended complaint, all the defendants she wishes to sue, and in the "Statement of Claim," she must set out specific facts against each named defendant. Plaintiff risks dismissal of the complaint if she fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall not pay an initial partial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the plaintiff shall file an amended complaint on or before January 15, 2008.[2] In the amended complaint, plaintiff shall complete in its entirety the court–provided form for filing a complaint pursuant to 42

---

[2] For her amended complaint, plaintiff shall use the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983. The Court will instruct the Clerk to send plaintiff the court form for filing a § 1983 action.

U.S.C. § 1983. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant she wishes to sue, and in the "Statement of Claim," she shall set forth as to each named defendant how that particular defendant violated her constitutional rights.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, in addition to a copy of this Memorandum and Order, the court-provided form for filing a complaint pursuant to 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend her complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 13th day of December, 2007.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE